UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHAWMUT REALTY COMPANY<br>    Plaintiff,<br><br>v.<br><br>U.S. BANK, et al.,<br>    Defendants. | C.A. No. 16-cv-113-M-LDA |

### ORDER

Shawmut Realty Company owns commercial real estate in Providence, Rhode Island. It obtained a mortage from Lehman Brothers Bank, FSB, later renamed Aurora Bank FSB. Aurora assigned the mortgage to U.S. Bank National Association as Trustee for Lehman Brothers Small Balance Commercial Mortgage PassThrough Certificate Series 2007-2. Shawmut defaulted on the mortgage and U.S. Bank now seeks to foreclose.

Shawmut filed suit alleging that (1) the assignee does not exist; (2) the assignor owned nothing to assign; and (3) improper notice. U.S. Bank responds to the complaint by filing a Motion to Dismiss (ECF No. 15) asserting that Shawmut lacks standing to challenge the assignment and that notice was not required by the terms of this commercial mortgage.

The issues raised are rather straightforward and do not require much comment. The Court finds that Shawmut lacks standing to challenge the assignment. Shawmut argues that, even though it is not a party to the assignment, it has the contractual right to dispute actions that are in violation of the mortgage. The general

rule is that non-parties do not have standing to challenge a contract, but there is an exception to the general rule in Rhode Island in cases where a mortgagor seeks to challenge an "invalid, ineffective, or void" assignment of the mortgage. *Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527, 536 (R.I. 2013) (quoting *Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 291 (1st Cir.2013)). The Rhode Island Supreme Court endorsed the exception but "further reiterate[d] that this exception is confined to private residential mortgagors challenging the foreclosure of their homes." *Mruk*, 82 A.3d at 536. Shawmut is not a residential mortgagor so this limited exception to the rule does not afford it standing.

Even if Shawmut did have standing, it could only challenge an assignment that was "invalid, ineffective, or void." *See Culhane*, 708 F.3d at 291; *Mruk*, 82 A.3d at 535; *Cruz v. Mortg. Elec. Registration Sys., Inc.*, 108 A.3d 992, 996 (R.I. 2015). A "mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." *Culhane*, 708 F.3d at 291. Although Shawmut argues that its amended complaint in this matter alleges that the assignments themselves are void, thus bestowing standing on it to challenge them, in fact the plausible facts in the complaint merely allege a voidable assignment. Therefore, even if Shawmut could be considered a residential mortgagor, it would lack standing to challenge an assignment that was merely voidable.

Second, as to notice, the Court looks to the mortgage itself because the terms of the contract control the parties' duties and responsibilities. *Martins v. Fed.*

2

*Housing Fin. Agency*, C.A. No. 15-235-M-LDA, 2016 WL 5921770, at *4 (D.R.I. Oct. 11, 2016). This commercial mortgage does not contain the familiar Paragraph 22 notice requirements found in many residential mortgages. Instead, this mortgage gives the lender various options upon default by the borrower, including judicial and statutory foreclosure. As for default, acceleration, and other remedies, the mortgage itself does not impose the notice requirements that Shawmut alleges were required. Therefore, no breach of contract or breach of any implied covenant of good faith and fair dealing occurred. Counts II and III of Shawmut's amended complaint fail.

Because Shawmut lacks standing to challenge the mortgage on the Providence property, and because it fails to state a claim for breach of contract upon which relief can be granted, the Court GRANTS Defendants' Motion to Dismiss. (ECF No. 15). All parties will bear their own fees and costs.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

February 21, 2017